# In the United States Court of Appeals for the Fifth Circuit

### Horizon Bank S.S.B.,

*Plaintiff-Appellee,*

*v.*

### Glenn Hegar, In His Official Capacity as Texas Comptroller of Public Accounts,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## SECOND JOINT MOTION TO EXTEND THE ABATEMENT

In accordance with Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 42.4, the parties jointly move to extend the abatement of this appeal.

On May 3, 2024, both parties jointly moved to abate this appeal on the ground that undersigned counsel for Appellant had been informed that settlement discussions were underway in related litigation, and the parties to this appeal believe that settlement in those related lawsuits may obviate the need for further litigation in this case. The Court granted that motion on May 9, 2024, "dismiss[ing]" the appeal "without prejudice" to either party's right to reinstate the appeal within 180 days. Order, ECF No. 22-2, at 1; *see* 5th Cir. R. 42.4. The Court also indicated that the parties could "extend[]" the "180 day time period." Order, ECF 22-2, at 1; 5th Cir.

R. 42.4 ("Any party desiring . . . an extension of the time to seek reinstatement[]
must notify the clerk in writing within the time period allowed for reinstatement.").

In November 2024, the parties jointly moved to extend the abatement. ECF 24.
Judge Douglas granted that motion on November 21, 2024. Order, ECF 30-2. The
current abatement lasts "to and including May 5, 2025." Order, ECF 30-2.

Since the Court's November 21 order, undersigned counsel for Appellant has
been informed that one lawsuit related to this litigation has settled. Counsel for Ap-
pellees are currently seeking to settle a second, related lawsuit. Both parties to this
appeal believe that additional time will allow that settlement discussion to conclude.
They also continue to believe that settlement in the related lawsuits may obviate the
need for further litigation in this case. The parties thus jointly move to extend the
abatement of this appeal to allow sufficient time for any potential settlement to con-
clude. *See* 5th Cir. R. 42.4. They will move to lift the abatement if any need for future
litigation in this case becomes clear or notify the Court if additional extensions be-
come necessary.

For these reasons, the parties respectfully request that the Court grant this sec-
ond joint motion to extend the abatement of this appeal.

Date: April 23, 2025.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

AARON L. NIELSON
Solicitor General

BRENT WEBSTER
First Assistant Attorney General

/s/ Sara B. Baumgardner
SARA B. BAUMGARDNER
Assistant Solicitor General
Sara.Baumgardner@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Defendant-Appellant

WILLIAM A. DUNCAN
RIGBY SLACK, PLLC
3500 Jefferson Street, Suite 330
Austin, Texas 78731
Tel.: (512) 782-2060
lrigby@rigbyslack.com

/s/ Nathan Hall
NATHAN HALL
JESSICA E. UNDERWOOD
NIX PATTERSON, LLP
8701 Bee Caves Road
Suite 500
Austin, Texas 78746
Tel.: (512) 328-5333
Fax: (512) 328-5335
junderwood@nixlaw.com

Counsel for Plaintiff-Appellee

## Certificate of Service

On April 23, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Sara B. Baumgardner
Sara B. Baumgardner

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 350 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Sara B. Baumgardner
Sara B. Baumgardner